**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JOHN PICKERING-GEORGE

                Plaintiff,

v.

CITY, COUNTIES, DISTRICTS OF NEW YORK STATE; COURTS AND JUDICIAL SYSTEM; UNITED STATES AGENCY; UNITED STATES OFFICIAL COURTS AND JUDICIAL SYSTEM; ADMINISTRATION AGENCY, DIRECTOR, MANAGEMENT OFFICIAL, JUDICIAL, INDIVIDUAL, ENTITIES, CAPACITY, et al.,

                Defendants.

No. 13-CV-458
(TJM/CFH)

---

**APPEARANCES:**

JOHN PICKERING-GEORGE
Plaintiff, Pro Se
2726 Decator Avenue
Apartment 3
Bronx, New York 10458

**OF COUNSEL:**

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION and ORDER**

On April 22, 2013, Pickering-George filed his complaint and a motion to proceed in forma pauperis ("IFP") with the Court. Compl. (Dkt. No. 1), Mot. for IFP (Dkt. No. 2). In a Report-Recommendation and Order dated May 6, 2013, the undersigned granted Pickering-George's motion to proceed IFP. Dkt. No. 4 at 1-2. However, the Court recommended dismissing Pickering-George's complaint because it failed to comply with the basic pleading requirements outlined by the Federal Rules, lacked factual allegations, and named defendants who would be protected by Eleventh Amendment and absolute immunity. Id. at

2-5. However, in light of Pickering-George's pro se status, the undersigned recommended that Pickering-George be permitted to file an amended complaint "to expand upon the facts that would support his claim for entitlement to relief." Id. at 6.

On June 6, 2013, well after the proscribed period allowed, Pickering-George filed objections to the Report-Recommendation and Order. Dkt. No. 5. On the same date, Pickering-George also filed what he purported to be an amended complaint. Am. Compl. (Dkt. No. 6). On August 19, 2013, Pickering-George filed a motion to schedule an initial conference. Dkt. No. 9.

After reading Pickering-George's amended complaint, it is clear that Pickering-George has failed to cure any of the deficiencies previously identified in his complaint. Instead, Pickering-George states that the defendants in the various districts of New York and the Second Circuit "violated federal question jurisdiction claim," (Am. Compl. ¶¶ 1–4) and that the city and county defendants "handled and processed plaintiff's civil actions and criminal pro se . . . appeals . . . [in] violat[ion of] federal question jurisdiction claim . . . ." (Id. ¶ 5). Accordingly, for the reasons previously stated in the May 6, 2013 Report-Recommendation and Order, it is recommended that Pickering-George's complaint be dismissed. See Tafari v. McCarthy, 714 F. Supp. 2d 317, 339 (N.D.N.Y. 2010) (explaining that even where the plaintiff is pro se "an opportunity to amend is not required where the plaintiff has already amended the complaint [or] . . . where the problem with the plaintiff's causes of action is substantive such that better pleading will not cure it.") (internal punctuation marks and quotations omitted).

**WHEREFORE**, it is hereby

1. **RECOMMENDED** that pursuant to the Court's review under 28 U.S.C. § 1915 and § 1915A, Pickering-George's complaint is **DISMISSED** for failure to state a claim. The Clerk shall forward this Report-Recommendation and Order, along with any objections, along with the prior Report-Recommendation and Order (Dkt. No. 4) and plaintiff's previous objections (Dkt. No. 5) to the District Judge for review; and it is further

2. **ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with the Local Rules; and it is further

3. **ORDERED** that the motion to schedule an initial conference (Dkt. No. 9) be **DISMISSED** as moot.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: September 23, 2013
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge