**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOHN PICKERING-GEORGE,**
**(adopted) John R. Daley, Jr.,**

                        **Plaintiff,**

      **v.**                                                                       **1:13-CV-458**

**CITY, COUNTIES, DISTRICTS OF NEW YORK**
**STATE; COURTS AND JUDICIAL SYSTEM;**
**UNITED STATES AGENCY; UNITED STATES**
**OFFICIAL COURTS AND JUDICIAL SYSTEM;**
**ADMINISTRATION AGENCY, DIRECTOR,**
**MANAGEMENT OFFICIAL, JUDICIAL,**
**INDIVIDUAL, ENTITIES, CAPACITY,** *et al.***,**

                        **Defendants.**
_____

**THOMAS J. McAVOY**
**Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

      This *pro se* action was referred by this Court to the Hon. Christian F. Hummel, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. §636(b) and Local Rule N.D.N.Y. 72.3(c).

      In his Report-Recommendation and Order (Dkt. #10), Magistrate Judge Hummel ordered that Plaintiff's *In Forma Pauperis* application (Dkt. #2) be granted, and recommended that the entire complaint be dismissed pursuant to 28 U.S.C. § 1915 and § 1915A for failing to state a claim upon which relief can be granted. Plaintiff filed objections to the Report-Recommendation (Dkt. # 11).

## II.     STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.).

## III.    DISCUSSION

The Court is mindful that Petitioner is proceeding *pro se*.  As such, on *de novo* review the Court construes his claims liberally and reads them "to raise the strongest arguments that they suggest." Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996). Having reviewed his Amended Complaint, and having reviewed Plaintiff's nearly incomprehensible objections, the Court accepts and adopts Magistrate Judge Hummel's recommendation for the reasons stated in his report.

## IV.     CONCLUSION

For the reasons discussed above, the Court accepts and adopts Magistrate Judge Hummel's Report-Recommendation and Order (Dkt. # 10) in its entirety.  Accordingly, Plaintiff's action is **DISMISSED IN ITS ENTIRETY** pursuant to 28 U.S.C. § 1915 and § 1915A for failure to state a claim upon which relief can be granted.  Because Plaintiff has already filed an Amended Complaint following Magistrate Judge Hummel's review of the initial Complaint, and because Plaintiff appears to have no facts that would establish a plausible claim for relief, the dismissal is with prejudice.  See Tafari v. McCarthy, 714 F.

Supp. 2d 317, 339 (N.D.N.Y. 2010) (explaining that even where the plaintiff is *pro se* "an opportunity to amend is not required where the plaintiff has already amended the complaint [or] . . . where the problem with the plaintiff's causes of action is substantive such that better pleading will not cure it.") (internal punctuation marks and quotations omitted).

Plaintiff's motion seeking "an official record-certificate of official record . . . in accord with RICO Act and Anti-Racketeering Act motions" (Dkt # 13), and his "Application for Order to Show Cause - alleged contempt for disobeying subpoena to appear as trial witness in accord with RICO Act and Anti-Racketeering Act Motions" (Dkt. # 14) are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated:August 20, 2014

_____
Thomas J. McAvoy
Senior, U.S. District Judge